UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JOHNSON,<br><br>      Plaintiff(s),<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>      Defendant(s). | No. C06-4217 MMC (BZ)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRECLUSIONARY SANCTION** |

    Plaintiff's Motion to Compel Discovery and for Sanctions came on for hearing on August 31, 2007.  In part, plaintiff complained that defendant the San Francisco Giants refused to designate a Rule 30(b)(6) witness to testify as to the affirmative defenses included in its answer to the amended complaint.

    Federal Rule of Civil Procedure 37(a)(2)(B) states that if a party fails to make a designation under Rule 30(b)(6), the discovering party may move for an order compelling a designation.  A preclusionary order such as plaintiff seeks is available only when a party fails to comply with a court order to provide or permit discovery, Fed. R. Civ. P. 37(b)(2)(B),

1

or when a person designated under Rule 30(b)(6) fails to appear.  Fed. R. Civ. P. 37(d); see also Federal Civil Procedure Before Trial §§ 11:159, 11:192, 11:193 (The Rutter Group, 2007).  Per subdivision (d), "a party may not properly remain completely silent even when he regards a notice to take his deposition ... as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order."  Advisory Committee Notes to Rule 37(d), 1970 Amendment.

Preclusionary sanctions are not warranted.  Plaintiff noticed the deposition at issue on June 26, 2007 to take place on June 29, 2007.  See Leigh Supp. Decl. ¶ 3, Exh. A (Docket No. 143).  By letter dated June 27, 2007, the Giants registered their objections to noticing their affirmative defenses as deposition topics.  See id. at ¶ 4, Exh. B.  The letter went on to state that the Giants did not consider there to be enough time to meet and confer and pursue a protective order prior to the June 29 date, and suggested a meet and confer session for the following day.

Although the Giants did not file a motion for protective order, they did not remain "completely silent" in the face of the notice.  Thus, the propriety of granting sanctions under Rule 37(d) is questionable.  In any event, considering the harshness of the preclusionary sanction requested, I do not consider it commensurate with the Giants' alleged misdeeds.  See, e.g., Navellier v. Sletten, 262 F.3d 923, 947-48 (9th Cir. 2001) (determining that the court could not say that sanction under Rule 37(b)(2)(A) was not commensurate with the

2

1 party's misconduct).

2  On these facts, I would likely have ordered the Giants to
3 designate a 30(b)(6) witness on at least some of the topics
4 noticed and perhaps awarded plaintiff some attorney's fees.
5 Plaintiff, however, stated clearly he did not seek a
6 deposition; he sought only a preclusionary order.  For the
7 reasons discussed, plaintiff's request for a sanction
8 precluding the Giants from presenting factual evidence
9 supportive of its affirmative defenses is **DENIED**.

10 Dated:  September 4, 2007

11             _____
              Bernard Zimmerman
12             United States Magistrate Judge

13
   G:\BZALL\-REFS\Johnson v. SF\Order re Preclusionary Santions.wpd
14